**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DEBRA JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-365 (MTT)** |
| | ) | |
| **DAVID STEINER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

On August 21, 2026, plaintiff Debra Jackson, proceeding pro se, filed her complaint. ECF 1. That same day, she moved to proceed *in forma pauperis* ("IFP"). ECF 2. For the reasons stated, Jackson's motion to proceed IFP (ECF 2) is **GRANTED**. However, Jackson's complaint lacks important factual allegations that Jackson may have omitted because of her pro se status. Thus, the Court **ORDERS** Jackson to amend her complaint by **September 17, 2026**.

## I. DISCUSSION

### A. Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show she is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

Jackson's IFP affidavit establishes that she cannot pay the court fees. ECF 2. Thus, the Court finds that Jackson is unable to pay the costs of this proceeding without undue hardship and therefore her motion for leave to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Jackson is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the leniency afforded pro se

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

In her complaint, Jackson alleges that the Defendant "discriminated against Plaintiff on the basis of disability and interfered with Plaintiff's rights concerning the use of a service dog." ECF 1 at 6. Jackson further alleges "Defendant's conduct included failure to provide reasonable accommodation, repeated interference with Plaintiff's ability to return to and perform work, and continued discriminatory and harassing treatment. As a result, Plaintiff suffered lost wages, emotional distress, and other damages." *Id*. Jackson's complaint is conclusory. Because Jackson's complaint lacks meaningful factual allegations, the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). However, given Jackson's pro se status, the Court will afford her an opportunity to amend her complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Jackson is **ORDERED** to amend her complaint to include all facts that she wishes to make a part of these proceedings. Jackson shall have until **September 17, 2026,** to file her amended complaint.

Jackson must provide enough facts to plausibly demonstrate that Defendant's actions or omissions resulted in the violation of her rights under a specific law. It is also

recommended that, when drafting her "statement of claims," Jackson list numbered responses to the following questions (to the extent possible):

(1) What did the Defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Jackson injured as a result of the Defendant's actions?

The amended complaint will take the place of and supersede Jackson's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Jackson may not refer to, or incorporate by reference, her previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

**C. Fed. R. Civ. P. 11 Obligations**

The Court informs Jackson of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Jackson's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

**D. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. It is common knowledge that AI can produce what have become known as hallucinations. This happens frequently in responses to legal-related prompts. AI often provides false legal citations and inaccurate summaries of legal authorities and principles. Courts have severely sanctioned lawyers and litigants who have included hallucinations in their filings. To assist Jackson in meeting her pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Plaintiff's amended complaint, Plaintiff shall include a signed statement certifying that Plaintiff has verified the accuracy of all facts and all legal authorities cited and legal theories advanced in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

**II. CONCLUSION**

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Jackson's motion to proceed IFP (ECF 2) is **GRANTED**, and Jackson is **ORDERED** to amend her complaint no later than **September 17, 2026**.

**SO ORDERED**, this 27th day of August, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT