**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DEBRA JACKSON,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-365 (MTT)** |
| **DAVID STEINER,** | ) | |
| **Defendant.** | ) | |

**ORDER**

On August 21, 2026, Plaintiff Debra Jackson, proceeding pro se, filed her complaint against United States Postmaster General David Steiner. ECF 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. On August 27, 2026, the Court granted Jackson's motion to proceed IFP but ordered Jackson to amend her complaint because it lacked meaningful factual allegations necessary to conduct a thorough frivolity review. ECF 3. Jackson filed her amended complaint on September 16, 2026. ECF 4. For the following reasons, Jackson's amended complaint (ECF 4) is allowed to proceed for factual development, and it is hereby **ORDERED** that service be made on the defendant by the United States Marshal Service.

**I. DISCUSSION**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court

determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Jackson is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Jackson brings this action under the "Rehabilitation Act of 1973, Section 501 – 29 U.S.C. § 791." ECF 4 at 6. Jackson has now alleged meaningful facts allowing the Court to conduct a frivolity review. The Court construes Jackson's complaint as bringing a discrimination claim under the Rehabilitation Act for failure to accommodate. ECF 4 at 8.

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

"To establish a prima facie case of discrimination under the Rehabilitation Act, an individual must show that "(1) [s]he has a disability; (2) [s]he is otherwise qualified for the position; and (3) [s]he was subjected to unlawful discrimination as the result of h[er] disability."" *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (quoting *Sutton v. Lader*, 185 F.3d 1203, 1207–08 (11th Cir. 1999)). To establish the third element, the plaintiff must show that she suffered an adverse employment action because of her disability. *See id.* Importantly, the plaintiff must prove that the adverse employment action was "solely by reason of her ... disability." 29 U.S.C. § 794(a). As a result, a claim of disability discrimination fails if the employer based the adverse employment action partially on disability and partially on other factors. *See Ellis*, 432 F.3d at 1326.

A claim of disability discrimination against an employer under the Rehabilitation Act may be established in two ways: (1) disparate treatment; or (2) failure to make reasonable accommodation. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008) (explaining that the ADA and the Rehabilitation Act "recognize disparate treatment and reasonable accommodation theories").

A failure to accommodate claim arises when a covered entity fails its affirmative duty to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5)(A). A failure to make reasonable accommodation does not require a showing of discriminatory intent. *See Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262 (11th Cir. 2007) ("[A]n employer's failure to reasonably accommodate a disabled individual itself constitutes

discrimination under the ADA .... There is no additional burden ....”). “An accommodation is reasonable if it enables the employee to perform the essential functions of the job.” *Solloway v. Clayton*, 738 F. App'x 985, 987 (11th Cir. 2018) (per curiam) (citing *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001)); *see also Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1335 (11th Cir. 2022) (“[W]hen an employee triggers an employer's accommodation duties, the employer must expend time and expense to explore the universe of reasonable accommodations, identify one that is mutually agreeable to the parties, and implement it.” (emphasis added)).

Jackson, a United States Postal Service employee, has made factual allegations that she has a disability and that she is otherwise qualified for the position. *See* ECF 4-1; 4-4. Regarding whether she was subjected to unlawful discrimination as the result of her disability, Jackson has alleged facts that would support a failure to reasonably accommodate. ECF 4 at 7. Jackson alleges that her repeated requests for reasonable accommodations were denied and that the result of those denials led to “significant physical and emotional effects, including changes in blood pressure, a shingles outbreak, increased anxiety and depression, crying episodes, emotional outbursts, confusion, and loss of concentration.” ECF 4 at 7. Therefore, Jackson’s amended complaint passes frivolity review.

## II. CONCLUSION

For these reasons, Jackson’s amended complaint (ECF 4) is allowed to proceed for factual development, and it is hereby **ORDERED** that service be made on David Steiner by the United States Marshal Service.

Jackson is advised that she must serve upon opposing counsel (or David Steiner if he is not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Jackson shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to David Steiner or his counsel. The Clerk of Court will not serve or forward to Steiner or his counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Jackson is responsible for diligently prosecuting her complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Jackson is required to keep the Clerk of Court advised of her current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 18th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT